# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RONNIE EUGENE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV416-232 |
| | ) | |
| HOMER BYSON, Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Ronnie Williams, currently incarcerated at Georgia State Prison in Reidsville, Georgia, petitions under 28 U.S.C. § 2241 to have this Court order the Department of Corrections to recalculate his sentence. Doc. 1. He claims that he has fully served his twenty year sentence for a burglary conviction. In support of this claim, he cites *Balkcom v. Jackson*, 219 Ga. 59 (1963), O.C.G.A. § 42-9-51, and the Fourteenth Amendment to the United States Constitution. *Id.*

This is Williams' third attempt at seeking habeas relief under § 2241 under these exact grounds. *See Williams v. Toole*, No. 414CV088 (S.D. Ga. July 20, 2015), doc. 16 (recommending dismissal on the merits), docs. 19 & 20 (adopting R&R and entering judgment

against him); *Williams v. Byson*, No. 615CV111 (S.D. Ga. Oct. 15, 2015), doc. 12 (recommending dismissal as successive), docs. 16 & 17 (adopting R&R and entering judgment against him).[1]

In those prior petitions Williams claimed that he remained in prison despite serving his entire state sentence for burglary. His claims that his sentence had been improperly calculated pursuant to *Balkcom* and O.C.G.A. § 42-9-51 and that his continued imprisonment violated the Fourteenth Amendment were resoundingly rejected on the merits. *See* 414CV111, doc. 16 at 7 (explaining that, even construing *Balcom* most favorably to him, his sentence "should not end until 2026" and concluding that ample evidence supported the state habeas court's determination that Williams' 1994 sentence was correctly calculated). When he brought the exact same claims a second time, his petition was dismissed as an unauthorized successive petition. 616CV111, doc. 12. Yet, he returns with identical claims and still no pre-authorization from

---

[1] Petitioner has wasted this Court's resources several times through the years with unmeritorious (and unauthorized) successive attempts at habeas relief from his state court conviction and sentence. *See Williams v. Owens*, No. 412CV019 (S.D. Ga. Mar. 28, 2012) (R&R recommending dismissal of his *fifth* § 2254 attempt). *See also Williams v. State Board of Pardon and Paroles*, No. 408CV105 (S.D. Ga. Nov. 19, 2008); *Williams v. Barrow*, No. 4:05CV167 (S.D. Ga. Oct. 24, 2005); *Williams v. Johnson*, No. 403CV069 (S.D. Ga. Oct. 16, 2003); *Williams v. Johnson*, No. 402CV044 (S.D. Ga. Mar. 14, 2002); *Williams v. Smith*, No. 4:95-cv-176 (S.D. Ga. Aug. 4, 1995). And that is just in the Southern District of Georgia.

the Eleventh Circuit.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A) [2] (before filing a second or successive petition, the petitioner *must* seek an order authorizing the district court to consider the application from the Court of Appeals). District courts "lack[] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012).

---

[2] Because Williams is "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254, his petition is subject to the procedural restrictions of § 2254, even though he has applied for habeas relief under § 2241. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition"); Rule 1(b) of the Rules Governing Section 2254 Cases (the Court "may apply any or all of [the § 2254 Rules]," including Rule 4, which provides for pre-answer preliminary court review, "to a habeas corpus petition [filed under § 2241].").

3

Because (1) this is Williams' third § 2241 petition (and at least his *eighth* attempt to attack his conviction in this court alone), and (2) he never sought permission from the court of appeals before filing, "this Court is not at liberty to consider it." *Id.* Even assuming his petition was authorized procedurally, it is meritless substantively. Again, Williams raises the same arguments that were already rejected when dismissing his prior petitions. The Court need not restate that analysis at length in dismissing the instant petition; it need only adopt that analysis in this case. *See* 615CV111, doc. 12; 414CV088, doc. 16. Williams is not entitled to relief in this Court and his petition should be **DISMISSED**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing § 2254 Cases ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.

Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

Finally, since petitioner has shown that he is indigent, the Court **GRANTS** his request to proceed *in forma pauperis*, doc. 2. But his "insistence on continuing to raise a claim that he is statutorily prohibited from pursuing [ ] constitute[s] vexatious litigation that warrant[s] some type of sanction." *Shivers v. United States*, 427 F. App'x 697, 700 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 321 (Oct. 3, 2011). Put another way, repetitive filings fetch sanctions. *See Smith v. Fl. Dep't of Corr.*, 369 F. App'x 36, 40 (11th Cir. 2010).

In the interest of curbing Williams' vexatious habeas litigation (while still enabling potential legitimate claims), the Court **ORDERS** that *any* future *pro se* pleading that addresses Williams' claims that he has fully served his twenty year sentence for his burglary conviction *will be denied IFP status*, and the pleading *will be dismissed* if he fails to pay the filing fee.³ *Id.* (affirming a similar sanction against a § 2255

---

³ *In forma paperis* (IFP) status will not, however, be prospectively barred for any future *pro se* pleadings that do not address his claims that he has fully served his twenty year sentence for the 1994 burglary conviction, and he may still file any post-conviction claim he wishes if he pays the filing fee or files the pleading through counsel.

5

movant as a "reasoned, carefully tailored injunction" against vexatious litigation).[4] Williams is also warned that future vexatious filings, in addition to not being granted IFP status, could fetch monetary sanctions. *Miller v. Williams*, 2011 WL 1898921 at * 2 (S.D. Ga. May 17, 2011) (imposing $ 500 sanction against abusive habeas filer), *adopted* 2011 WL 2181628 (S.D. Ga. Jun. 2, 2011).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

[4] Williams did not accompany the motion with the $5 statutory filing fee, 28 U.S.C. § 1914, or a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __19th__ day of October, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA